IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYRNA SUREN | : | |
| Petitioner | : | |
| | : | |
| v. | : | Criminal No. 89-234 |
| | : | |
| UNITED STATES | : | Civil Action |
| Respondent | : | |

## PETITION TO FILE A MOTION TO SET ASIDE, VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Myrna Suren, Petitioner, hereby files this petition requesting that this Honorable Court allow her to file an out of time motion seeking relief pursuant to 28 U.S.C. §2255, and in support avers the following written submission.

### Factual Basis

Between the summer of 1987 and June 1989, the Gray Tape Organization sold large amounts of cocaine in the area of Schiller, Marshall, Tioga and 7th Streets in Philadelphia, Pennsylvania.  Petitioner was identified by witnesses as being one of the bosses of the organization after her son's death.  Although she never physically distributed any controlled substance, the testimony was she collected money from some of the many workers that sold the cocaine from that corner and, at times, would direct potential buyers to the sellers.

### Procedural History

Ms. Suren was indicted on one count of conspiracy to distribute cocaine, in violation of 18 U.S.C. §846; fourteen (14) counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. §841; and several other crimes including distribution near a school, possession with the intent to distribute near a school, and

employment of persons under 18 years of age.  Ms. Suren was appointed panel counsel through the Criminal Justice Act ("CJA") and a trial date was set.  Prior trial counsel filed several pre-trial motions on behalf of his client, most of which were denied.  The Court began picking a jury on May 23, 1990, and Petitioner's trial began in front of the Honorable Herbert Hutton.  Ms. Suren was subsequently convicted by a jury of all of her charged crimes on her indictment on June 5, 1990.  The Court then sentenced Ms. Suren on September 25, 1990 to life imprisonment.  Her conviction was then appealed in a timely fashion and the Third Circuit remanded the case on May 22, 1991 with instruction to the District Court to vacate the separate life sentences which had been imposed on two of the counts (Appellate No. 90-1766).

On February 17, 1997, Petitioner sent a written request to the Court for the appointment of counsel to pursue a §2255 motion.  Guillermo L. Bosch, Esquire was appointed.  On April 2, 1999, Mr. Bosch wrote a letter to the Court stating there were no issues that he could find to support a §2255 motion.  The Petitioner then filed a Motion to Have Counsel Appointed , or in the Alternative have Appointed Counsel Withdraw on February 23, 2006.  Jeremy Ibrahim was appointed by the court.  There are no docket entries[1], or documents, to show what, if any, work was done by this second post appellate attorney.  Undersigned counsel was then appointed on January 28, 2014 to again review this case.

**EQUITABLE TOLLING**

It is evident that this petition is not timely however, the defense presents that in this case equitable tolling applies which can extend a limitation period.  Petitioner

---

[1] This case does not have electronic docketing available prior to the year 2014.  Undersigned counsel has reviewed copies made by the Court of (what appears to be) all pre-trial motions filed, pre-trial motion transcripts, trial transcripts, and sentencing transcripts, as well as documents for the prior 2255 petitions. Counsel has also spoken to trial counsel for other information for review of this case.

is requesting permission to file an out of time §2255 motion because of prior counsels' serious errors or misconduct.  United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).  The Third Circuit has held "that the one year period of limitation for § 2255 cases is also subject to equitable tolling." Miller  v. New Jersey State Dep't of Corrections, 145 F.3d 616, 619 fn1 (3d Cir. 1998).  The Court has "observe[d] that equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Shendock, 893 F.2d at 1462.  Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' Oshiver, 38 F.3d 1380.  The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' New Castle County, 111 F.3d at 1126.  Mere excusable neglect is not sufficient.  See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L. Ed. 2d 435 (1990); New Castle County, 111 F.3d at 1126." See also Miller, 145 F.3d at 618.

   Ms. Suren's case is eligible for equitable tolling as not allowing her to file a § 2255 petition would be unjust for three main reasons.  First, she has had two previous post appellate attorneys who have egregiously failed her.  Second, extraordinary circumstances have led to her being prevented from asserting her rights.  Finally, she has acted with the appropriate due diligence in her specific circumstances.  "In determining whether equitable tolling should be granted, we address two questions: (1) whether the petitioner faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (same)." Pabon v. S.C.I. Mahanoy 654 F.3d 385, 399 (3d Cir. 2011)

Equitable tolling is to be decided on a case by case basis, and by the facts of this case equitable tolling should be granted. Holland v. Florida, 560 U.S. 631, 650 (2010). See also Pabon, 654 F.3d at 399. Since her conviction she has had three attorneys. Both of her post appellate attorneys were not competent in their representation of her post conviction interests. In this case, Ms. Suren's first post appellate attorney, Guillermo Bosch, by his own admission had little, to no, experience in these matters took on Ms. Suren's case. This, in and of itself, constitutes misconduct as the attorney knew from the beginning he was dealing with a serious case in which the defendant serving life imprisonment. With his admitted lack of experience, he should have declined the appointment. Mr. Bosch even filed a motion, dated April 2, 1999, with the District Court requesting that another more experienced attorney be appointed to take a second look at the case. However, his actions then go on to constitute serious error as he waited over two years before informing the Court that he had found no issues. Presumably, counsel did not even know that he had sat on the case beyond the deadline for filing any motion, as the letter makes no mention of it. Also, there is no mention that Mr. Bosch reviewed the appellate briefs to ensure that appellate counsel exercised his due diligence on appeal. This goes well beyond "excusable neglect by counsel" which is generally insufficient to warrant equitable tolling. See Baldayaque v. United States, 338 F.3d 145, 151-52 (2d Cir. 2003); United States v. Riggs , 314 F.3d 796, 799 (5th Cir. 2002); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000.

Her second post appellate attorney, Jeremy Ibrahim, basically abandoned her after he was appointed. He apparently did no work on her case, as there is nothing on the docket showing he filed any motions, or prepared anything for the Court. It is not

even clear whether he wrote to Ms. Suren to inform her of his representation.  This is clearly attorney abandonment in its most concrete format.

The remainder of the time that this case has been idling appears to be a clerical issue as the case was not transferred to this Court for years after this second appointment of counsel.  For the issues presented above, this case is one of extraordinary issues and presents itself as prime for review despite the time delay.

Ms. Suren was born in Puerto Rico where she only attended school until the third grade, leaving her illiterate in Spanish her only language and unable to speak English. Because of this lack of education and language gap she was unable to be of any assistance in her own defense throughout the judicial process both before and after conviction.  Based on the incompetence and misconduct by her attorneys Ms. Suren is eligible for equitable tolling on her §2255 issue.  She has been given a life sentence for a drug conviction during a sentencing hearing in which she was unable to participate in fully and where her character was not introduced for the judge to consider. She deserves another hearing to get a fair and just sentence.

## <u>EXTRAORDINARY CIRCUMSTANCES</u>

In <u>Holland v. Florida</u>, 560 U.S. 631 (2010), the Supreme Court held that, "[i]n short, no pre-existing rule of law or precedent demands a rule like the one set forth by the Eleventh Circuit in this case.  That rule is difficult to reconcile with more general equitable principles in that it fails to recognize that, at least sometimes, professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." <u>Id</u>. at 651.  The Court went on to say, "[i]n the Court of Appeals' view, when a petitioner seeks to excuse a late filing on the basis of his attorney's unprofessional

conduct, that conduct, even if it is "negligent" or "grossly negligent," cannot "rise to the level of egregious attorney misconduct" that would warrant equitable tolling unless the petitioner offers "proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth." <u>Holland</u>, 539 F.3d at 1339 (CA11 2008) *(per curiam)*.  However, this standard has been found to be too rigid. See <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); see also <u>Lawrence v. Florida</u>, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)." <u>Holland</u>, 560 U.S. at 634).  The recent Supreme Court cases have held that the misconduct of the attorney is no longer automatically laid at the feet of the client. <u>Holland v. Florida</u>, 560 U.S. 631 (2010), <u>Maples v. Thomas</u>, 132 S.Ct 912 (U.S. 2012). See also, Wendy Zorana Zupac, "Mere Negligence or Abandonment? Evaluating Claims of Attorney Misconduct After Maples v. Thomas", <u>Yale Law Journal</u>1328, 1358 (2013).

   The <u>Maples</u> Court held, "[w]e agree that, under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him.  Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." <u>Id</u>. at 924.  These recent rulings point to equitable tolling for Ms. Suren in her § 2255 petition because her attorneys did nothing and she did not have the mental wherewithal to help in her own defense during or post trial.  The Third Circuit has held attorney abandonment as a reason for equitable tolling in criminal and civil cases for over a decade. <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 240 (3d Cir. 1999).  Nonetheless, some courts have found it appropriate to toll the statute of limitations in cases of attorney mistake. See e.g., <u>Cantrell</u>, 60 F.3d at 1180 (holding that where client was abandoned by attorney due to attorney's mental illness, equitable tolling may be appropriate).  In <u>Burton v. United</u>

States Postal Serv., the court applied equitable tolling to the plaintiff's claim because his attorney 'irresponsibly abandoned his client and the case and left town.' 612 F. Supp. 1057, 1059 (N.D. Ohio 1985).

Ms. Suren was never able to be an active participant in her own defense. Her inability to read and write and her scant education have made her unable to understand the judicial process. Throughout her trial she was of no help to her defense attorney, there is evidence that she was not even cognizant of the process taking place around her. Though, the Third Circuit has held that mental incompetence is not a *per se* cause for equitable tolling, if the petitioner is able to show that mental incompetence does exist and that incompetence was a contributing factor to the missed filing deadline, the Court has held that extraordinary circumstances existed and equitable tolling is an appropriate remedy. The United States Court of Appeals for the Third Circuit has recently reiterated that mental incompetence is not a per se cause for equitable tolling. See Champney v. Sec'y Pennsylvania Dept. of Corr., 469 F. App'x 113, 117 (3d Cir. 2012) (citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)). In order for tolling to apply, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely action. Id. The burden is on the petitioner to demonstrate with particularized description the causal relationship between the mental deficiency and the failure to file a timely petition. Id. Factors to be considered in determining whether the petitioner has met this burden include whether: she (1) was adjudicated incompetent and, if so, at what point in habeas statutory period; (2) was institutionalized for her mental impairment; (3) handled or assisted in other legal matters which required action during the federal limitations period; and (4) whether she supported her allegations of

impairment with extrinsic evidence such as evaluations and/or medications. Id. (internal citation omitted).

## REASONABLE DILIGENCE

The second prong of the equitable tolling test is if the petitioner has exercised reasonable diligence in their own defense and in the filing of the motion. The Courts have found that, "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004) (quoting Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000); Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004); Holland, 530 U.S. at 653. Ms. Suren is illiterate in Spanish, the only language she speaks. The Third Circuit has yet to rule on whether a "whether a language deficiency may constitute an extraordinary circumstance for the purposes of equitable tolling. We find it persuasive that the Second and Ninth Circuit Courts of Appeals have both determined that equitable tolling might be warranted when a non-English speaking petitioner could not comply with AEDPA's statute of limitations because the prison did not provide access to AEDPA-related materials, translation, or legal assistance in his or her language." Pabon, 654 F.3d at 399-400. There still needs to be some due diligence in her actions, whether it was in getting a new lawyer after her first one failed her or getting a third lawyer after the second post appellate attorney abandoned her. Here, Petitioner has repeatedly written to the Court for requests for new attorneys and a status on her case. As she is illiterate and cannot communicate in English, these letters demonstrate the level of diligence she has had to apply. She has had to seek out a fellow (presumably bilingual) inmate, tell that person her issue, and have said inmate help her by writing out the correspondence. This

is not an easy task in a jail where inmates are often consumed with their own legal issues and cases.

Equitable tolling is a judicial tool used to right an unjust wrong.  In <u>Miller v. New Jersey State Dep't of Corrections</u>, the Third Circuit explained that "equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." 145 F.3d 616, 618 (3d Cir. 1998).  "This will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." <u>Id</u>. (quotation omitted).   This Circuit has also added that 'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). See also <u>Nara v. Frank</u>, 264 F.3d. 310, 319 (3d Cir. 2001).  The fact that Ms. Suren cannot read or speak English and can only speak Spanish has been held to constitute an extraordinary circumstance serious enough to satisfy the equitable tolling standard.  "As these Circuit Courts did in <u>Mendoza</u> and <u>Diaz</u>, we now hold that inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling.  In addition, as the <u>Diaz</u> Court did, we note that the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." <u>Pabon</u>, 645 F.3d at 400-401.


**Issues that Warrant Relief Sought under 28 U.S.C. § 2255**

Undersigned counsel finds the following as legitimate issues for a §2255 motion/petition:

**I. Issue 1: Trial Counsel was ineffective in failing to present evidence of good character at trial**

"To successfully present a claim for ineffective assistance of counsel under Strickland, [petitioner] must establish first that counsel's performance was deficient. 'This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment.' Id. at 687. The petitioner must demonstrate that 'counsel's representation fell below an objective standard of reasonableness' meaning 'reasonableness under prevailing professional norms.' Id. at 688. In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' Id. at 689.  There is a 'strong presumption'  that counsel's performance was reasonable. 'That is to say, the 'defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'' Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting Strickland, 466 U.S. at 689).  Second, the petitioner must demonstrate that he was prejudiced by counsel's errors. Strickland, 466 U.S. at 693.  The petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Id. at 694.  A 'reasonable probability' is 'a probability sufficient to undermine confidence in the outcome.' Id.  This standard 'is not a stringent one;' it is less demanding than the preponderance standard. Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999)." Jermyn at 282.  The Strickland test is not an outcome determinative one; rather it is a "reasonable probability of a different verdict." Strickland, 466 U.S. at 693-4.

The question, therefore, is not whether representation by effective counsel would have actually changed the verdict, nor even whether representation by effective counsel would "more likely than not" have changed the outcome.  Id.  Rather, the test turns to whether prejudice is established when confidence in the outcome is undermined because of counsel's deficiencies.  Id. at 694.  This standard of "undermines confidence" for prejudice "is not a stringent one.  It is less demanding that the preponderance standard."  Hull v. Kyler, 190 F.3d 88, 110 (3d Cir. 1999) (internal quotation marks and citations omitted) (citing Nix v. Whiteside, 475 U.S. 157, 175 (1986)).  See also Jacobs v. Horn, 395 F.3d 92, 105  (3d Cir. 2005) (prejudice under Strickland is not a stringent standard).  Petitioner need only show "a probability sufficient to undermine confidence in the outcome" as "Strickland does not set a high bar with respect to the prejudice inquiry..." Thomas v. Varner, 428 F.3d 491, 502 (3d Cir. 2005).  Therefore, the only appropriate relief to him is a new trial.

Ms. Suren fits this analysis of ineffective assistance of counsel, her trial attorney did not present character evidence at sentencing and this lack of mitigation led to her being sentenced to life in prison. This is a strong prejudice toward the petitioner as life in prison on a drug case is very uncommon and mitigating evidence such as character would have given the sentencing Judge pause in giving her a life sentence. There was no other reason not to present character evidence but for incompetence, it is not trial strategy and it is an unreasonable action by the trial attorney.

In this case, Petitioner was denied her constitutional right to a fair trial when the trial court failed to present evidence of her good character at trial.  Of course, this in turn then prevented her from requesting the Court to instruct the jury that her good

character, in and of itself is enough to raise the presumption of reasonable doubt in a criminal case. At the time of her trial, she had good character and defense counsel did not speak to any of her family members about testifying on Petitioner's behalf about her character[2]. Furthermore, even if trial counsel could not procure a live witness to testify, there is nothing to indicate that the character evidence could not have been presented by way of a witness, or stipulation. Therefore, Petitioner was not afforded effective representation and a new trial is the only available remedy.

**II.  Issue 2:  Trial counsel was ineffective in failing to object to proceed to the trial when Petitioner was not competent to proceed**

The two prongs of competency are as follows: (1) and (2) be able to assist in his/her defense. Trial counsel stated at the beginning of trial that, even with the use of an interpreter, he had had difficulty in communicating with Petitioner. On the morning of trial, before picking the jury, counsel advised the Court of the problems that Petitioner had in understanding what was occurring, and what her options were. "This morning she has again indicated to me that she wishes to not have a trial, but at the same time I don't believe that she is either willing, able, or able (sic) to understand the nature of the guilty plea and what would be required by the Government." Jury Trial Transcript; May 23, 1990, Page 1, Lines 16-20. In addition, trial counsel, through his own pleading, stated that he "represented the Defendant throughout the trial of the instant matter without her

---

[2] Undersigned counsel acknowledges that most of Petitioner's children at the time of trial were involved in the case and thus would not have made good witnesses. However, there is nothing to show that trial counsel attempted to find a neighbor or friend as a character witness. In fact, surprisingly, trial counsel alluded to the court that he may call Moses Suren, Petitioner's son as a character witness. Jury Trial Transcript; May 24, 1990, Page 180, Lines 22-23. This, would have presented a problem as Moses testified for the Government, against his mother, at her trial. Even the trial court showed shock at this possibility when it stated, "I've practiced law for 30years and I've never seen anything like this in my life." Id at Lines 24-25.

assistance, aid or confidence."  Motion of Defense Counsel to Withdraw from

Representation of Defendant.  Filed September 26, 1990.  Paragraph 2.

       In this case, Petitioner was denied her constitutional right to a fair trial

when the trial counsel failed to object to proceeding to trial as Petitioner was not

competent to stand trial.   Accordingly, Petitioner was not provided with effective

assistance of counsel and the only appropriate relief to her is a new trial.


## V.  <u>Conclusion</u>

       For the above-referenced reasons, Petitioner is entitled to relief and

respectfully requests that this Honorable Court permit her out of time §2255 motion

asking to vacate her judgment and conviction entered thereon and grant Petitioner a new

trial.  In the event this Court is not inclined to summarily grant such relief, Petitioner

requests an evidentiary hearing to establish any disputed facts.


       Respectfully submitted,


       /s/ Carina Laguzzi
       Carina Laguzzi
       1500 John F. Kennedy Blvd.
       Suite 200
       Philadelphia, Pennsylvania  19102

       Attorney for Myrna Suren, Petitioner

## <u>CERTIFICATE OF SERVICE</u>

I, Carina Laguzzi, certify that on this 23rd day of April , 2014 a true and correct copy of the above-referenced Petition was filed via electronic filing.

*/s/ Carina Laguzzi*
Carina Laguzzi, Esquire